# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

**JAMES MINK,**

    **Plaintiff,**

vs.                                               **CIVIL ACTION NO. 5:17-CV-02212**

**WAL-MART STORES EAST, LP,**
***ET AL.*,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court are the following Motions: (1) Defendant Wal-Mart Stores East, LP's (hereinafter "Wal-Mart") Motion to Dismiss (Document No. 4.); and (2) Defendant MacCorkle Lavender PLLC's (hereinafter "MacCorkle Lavender") Motion to Dismiss[1]. (Document No. 6.) By Standing Order entered on April 4, 2017, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.) Having examined the Complaint, the undersigned concludes that this case must be dismissed.

## PROCEDURAL AND FACTUAL HISTORY

On March 3, 2017, Plaintiff, *pro se*,[2] filed a civil Complaint in the Circuit Court of Wyoming County, West Virginia, alleging:[3]

> That the Defendant and or his or her agents have intentionally, maliciously and without just cause or proof slandered the Plaintiff's name and reputation on a local and federal level by making knowingly false, unproven, intentional and habitual by

---

[1] MacCorkle Lavender also moves to dismiss this action against its attorney, Heather Noel, and asserts that Plaintiff has failed to properly serve Heather Noel pursuant to Rule 4(d)(1) of the West Virginia Rules of Civil Procedure. (Document No. 6 at 2, fn1.)

[2] Because Plaintiff is acting *pro se*, the documents he has filed in this case are held to a less stringent standard than had they been prepared by a lawyer, therefore, they are construed liberally. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972).

[3] Civil Action Number 17-C-38.

degree of consistency showing "Actual Malice" with reckless disregard of whether it was true or false, statements about the Plaintiff by way of libel and defamation "per se" for statements included that the Plaintiff committed a serious, notorious or immoral crimes, a threat to own country, a dangerous person in detail, a terrorist, et. al., causing a federal agency and/or agencies to investigate Plaintiff until which all aforementioned can be proven beyond a reasonable doubt tangibly as well as assert that I, Plaintiff, am an American citizen born in said country and as a direct and proximate cause thereof the Defendant and or his or her agents have irreparably harmed the Plaintiff discriminating even racially and personally, violating the Plaintiffs Civil Rights and equal rights under the law (42 U.S. Code § 1981).

That the Defendants and or his or her agents willfully, maliciously and intentionally inflicted emotional distress upon the Plaintiff without just cause with the intent of harming the Plaintiff and as a direct and proximate cause of Defendant's and his or her agents actions, the Plaintiff was in fact irreparably harmed by the Defendant and his or her agents and documented so intimidating and threatening the well being, freedom and safety of Plaintiff for the length of a year consistently and multiple times stating various criminal statements about Plaintiff.

. . . Defendant's and/or its agents stated that Plaintiff was a terrorist, threat to country, danger, foreign agent, spy, intelligence agent, trying to influence policy and/or law of the United States by way of foreign agenda[.]

(Document No. 1-1 at 6-7.) Plaintiff requests for monetary damages, both actual and compensatory, in the amount of $6,800,000.00. (Id. at 8.) This matter was subsequently removed by Wal-Mart, with the consent of MacCorkle Lavender. (Document No. 1 at 10.)

As noted *supra*, on April 10, 2017, both Wal-Mart and MacCorkle Lavender filed Motions to Dismiss with accompanying Memoranda of Law. (Document Nos. 4-7.) The undersigned issued a Roseboro notice[4] to Plaintiff on April 10, 2017 (Document No. 10.); Plaintiff served his Responses unto both Defendants, to which each Defendant filed their Replies. (Document Nos. 14 and 15.) Accordingly, this matter is fully briefed and ready for resolution.

---

[4] Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975); because Plaintiff is acting *pro se*, the Court issued its Order notifying Plaintiff of his right to file a response to Defendants' Motions and further ordered that Plaintiff file any response with the Clerk of this Court. (Document No. 10 at 2.) The undersigned notes that although Plaintiff received this Court's April 10, 2017 Order (Document No. 13.), he failed to abide this Court's Order to file his response with the Clerk of this Court, but only served both Wal-Mart and MacCorkle Lavender directly. (Document Nos. 14-1, 15-1.)

## Wal-Mart's Argument in Support of Motion to Dismiss

Wal-Mart asserts that Plaintiff fails to state a claim for which relief can be granted insofar as his Complaint wholly lacks factual support and rests solely upon legal conclusions with regard to his presumptive claims of defamation, intentional infliction of emotional distress, or negligent infliction of emotional distress. (Document No. 5 at 4.) Additionally, Plaintiff fails to identify any misconduct or facts supporting his claims of racism under 42 U.S.C. § 1981. (Id.) Moreover, Wal-Mart contends because Plaintiff's Complaint concerns conduct that occurred in earlier proceedings, <u>James Mink obo Nora Mullins for A.M. v. Wal-Mart, et al.</u>, Wyoming County, West Virginia Civil Action No. 15-C-243, which was removed to this Court, Civil Action No. 5:16-cv-01854, Plaintiff has no plausible claim because the litigation privilege protects it from liability. (<u>Id</u>. at 5.) Further, because Plaintiff appears to assert claims against Heather Noel and MacCorkle Lavender that occurred during the prior litigation, the litigation privilege provides immunity to them as well. (<u>Id</u>.)

## MacCorkle Lavender's Argument in Support of Motion to Dismiss

MacCorkle Lavender's contentions in support of dismissal mirror Wal-Mart's: Plaintiff totally fails to specify any facts supporting his allegations of defamation, racial discrimination, intentional and/or negligent infliction of emotional distress. (Document No. 7 at 2.) MacCorkle argues that Plaintiff's Complaint contains no facts that would permit any reasonable inference that MacCorkle Lavender could be liable for defamation and further, fails to state a claim upon which relief can be granted for defamation. (<u>Id</u>. at 9-11.)

The only connection between Plaintiff and MacCorkle Lavender, through its attorney, Heather Noel, concerned the prior litigation, Civil Action 5:16-cv-01854. (<u>Id</u>. at 3.) MacCorkle Lavender points out that this Court can and should take judicial notice of the entire docket in the

prior litigation because it provides relevant insight into the current proceeding pursuant to Watkins v. Wells Fargo Bank, 2011 WL 777895, at *3 (S.D.W. Va. Feb. 28, 2011), and also points out that the undersigned recommended dismissal or the prior action, not due to Plaintiff's race, but because he cannot practice law to a third party under a Power of Attorney. (Id. at 3-7, 13.)

MacCorkle Lavender identifies two instances which "could plausibly form the basis of Plaintiff's claims" against it: (1) MacCorkle Lavender, though its attorney, Heather Noel, cited case law in its pleadings during the prior litigation that Plaintiff construed as defamation; and (2) an unauthorized practice of law complaint filed with the West Virginia Bar against Plaintiff that he interpreted as not only defamation, but also intimidation and resulted in an governmental investigation, causing him irreparable and undescribed harm. (Id. at 7.) There is no specification as to which defendant discriminated against Plaintiff, there is no indication that Plaintiff belongs to a protected class, there is no description of the any racist misconduct, and therefore Plaintiff's Section 1981 claim fails as a matter of law, and further, fails to state a claim for which relief can be granted. (Id. at 11-13.)

With regard to the claims for intentional or negligent infliction of emotional distress, MacCorkle Lavender contends that Plaintiff fails to allege any of the necessary elements or facts in support to these claims, no facts are alleged upon which the Court could reasonably infer that MacCorkle Lavender is liable for intentional or negligent infliction of emotional distress. (Id. at 14.)

Finally, MacCorkle Lavender asserts the litigation privilege protects it as well as its attorney Heather Noel, due to the only connection between these defendants and Plaintiff is the prior litigation; this privilege extends to any communications, oral or written, during the course of a judicial proceeding and cannot constitute the basis of a civil action. (Id. at 16-17.) This also

applies to defamation claims, except for those concerning claims of malicious prosecution and fraud, neither of which are asserted in this case. (Id. at 17.) Moreover, Plaintiff's assumed claims of defamation and intimidation resulting from the unauthorized practice of law complaint to the West Virginia State Bar are barred by collateral estoppel, as these claims concern issues that reached final resolution on the merits in the prior litigation. (Id. at 17-19.)

Heather Noel was not properly served with the Summons and Complaint in this action, however, any dismissal of claims against MacCorkle Lavender must inure to the benefit of Heather Noel, as its attorney employee. (Id. at 19-20.) Additionally, the litigation privilege protects Heather Noel as well, because she defended Wal-Mart in the prior action before this Court. (Id. at 20.) MacCorkle Lavender asks Plaintiff's Complaint against it and Heather Noel be dismissed with prejudice. (Id.)

**Plaintiff's Response**

As noted *supra*, Plaintiff's Response was not docketed by the Clerk of this Court in this proceeding, however, Wal-Mart and MacCorkle Lavender attached Plaintiff's Response as exhibits to their Replies that the undersigned shall attempt to decipher:

Plaintiff asserts that he received this Court's Order directing him to respond, however, he complains he had "only a few days to read, absorb, comprehend, research, respond to what is well over 100 pages worth of material[.]" (Document Nos. 14-1 at 1 and 15-1 at 1.) Plaintiff states that [this civil action] "everything is the same with the exception of the addition of two law firms" and reiterates his claims that Heather Noel, "as well as other contributors like Sara E. Brown of the law firm of Lavender MacCorkle, and paid to do so by Wal-Mart . . ." intentionally slandered Plaintiff "by documenting serious crimes, felonies, misdemeanors, and utter immorality" and that he was "committing fraud upon this very court . . . ." (Id. at 1-2.)

Plaintiff appears to allege that in the prior litigation, "every single thing drafted by the aforementioned was assigning guilt to me" including labeling him as a "threat", "danger", and "terrorist." (Id. at 2.) Plaintiff asserts that the defendants "documented" him as a criminal and terrorist without any proof, and that he consulted with two unnamed attorneys, "one currently practicing" and "one retired", who allegedly advised Plaintiff that he did not break the law and the "language used to describe [Plaintiff] was uncalled for[.]" (Id.) Plaintiff further appears to claim that calling him a "terrorist gives me no rights or privilege", and such labels "for the public to see" without evidence is slander. (Id. at 3.) Plaintiff asserts that he is and has "been living in fear and constant dread and am full of anxiety upon a constant worry of being arrested or detained[.]" (Id. at 3-4.)

Plaintiff insists he can prove all claims but "will no longer be subjected to being accused of breaking the law from this moment forth any barrage of documentation from anyone[.]" (Id. at 4.) Plaintiff appears to suggest that "[i]f proving every single thing I claim is not good enough for the court, then it is my recommendation that we move up to line to another forum for I will not tolerate these actions and behavior and threats anymore." (Id.) Finally, Plaintiff asserts that he has a right not to live in constant fear "regardless of who you are and how much power you may have from a law clerk to a federal judge, if my name is attached to any violations of the law then prove that I have in fact violated the law." (Id.)

## MacCorkle Lavender's Reply

MacCorkle Lavender succinctly replies that Plaintiff does not address any of the legal arguments raised in its Motion to Dismiss and that Plaintiff confirms that all allegations in his Complaint arise out of the prior litigation, therefore making it clear that MacCorkle Lavender and its attorneys, including Heather Noel, are shielded from any liability due to the litigation privilege.

6

(Document No. 14 at 1-2.) MacCorkle Lavender asks that Plaintiff's Complaint be dismissed with prejudice. (Id. at 2.)

## Wal-Mart's Reply

Wal-Mart's reply is nearly identical to the reply filed by MacCorkle Lavender, and requests the Complaint against it be dismissed with prejudice. (Document No. 15 at 1-2.)

## THE STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corporation v. Twombly, 550 U.S. 554, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although factual allegations must be accepted as true for purposes of a motion to dismiss, this principle does not apply to legal conclusions. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Twombly, 550 U.S. at 555, 127 S.Ct. at 1959.

A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Deference is given to *pro se* Complaints. See Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978); Haines v. Kerner, 404 U.S. 519, 521 (1972); Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

## ANALYSIS

Plaintiff is required to comply with the general rules of pleading as set forth in Rule 8(a)(2) of the Federal Rules of Civil Procedure, specifically, a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." It is apparent on its face that Plaintiff's Complaint fails to comply with this Rule. Even liberally construing Plaintiff's Complaint, the undersigned **FINDS** that the allegations contained therein are consist of <u>only</u> specious "naked assertion[s]" and legal conclusions that are verboten pursuant to the jurisprudence espoused under <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (emphasis added).

The undersigned is at a loss to determine how Plaintiff construed any defamatory statements or threats toward him as alleged in his Complaint. Further, the undersigned initially interpreted the tail-end portion of Plaintiff's rambling and incoherent Response suggested that the undersigned or his law clerk intimidated Plaintiff with threats of imprisonment. In hindsight, it appears to the undersigned that Plaintiff interpreted or misconstrued the <u>Roseboro</u> notice as this Court's threat of imprisonment for perjury due to the language contained in the Order, which is standard protocol in this Circuit. (Document No. 10.) Nevertheless, it is apparent on the face of the Complaint that Plaintiff has alleged no set of facts in support of his claims that would entitle him to relief. The undersigned further **FINDS** that Plaintiff's allegations[5] concern matters that pertain to the prior proceeding, cited *supra*, and previously adjudicated to finality on its merits, that Defendants Wal-Mart, MacCorkle Lavender, and Heather Noel, are entitled to a dismissal with prejudice of all claims alleged against them due to immunity provided by the litigation privilege as well as *res judicata*.

---

[5] The undersigned agrees with counsel of record with their reasonable interpretations as to Plaintiff's claims.

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Defendants' Motions to Dismiss with prejudice (Document Nos. 4 and 6.), and remove this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 106 S.Ct. 466, 475, 88 L.E.2d 435 (1985), reh'g denied, 474 U.S. 1111, 106 S.Ct. 899, 88 L.E.2d 933 (1986); Wright v. Collins, 766 F.2d 841 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.), cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.E.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk of this Court is directed to file this Proposed Findings and Recommendation and to send a copy of same to the *pro se* Plaintiff and to counsel of record.

ENTER: May 17, 2017.

Omar J. Aboulhosn
United States Magistrate Judge